IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:02CR3139 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| PEDRO RIOS RAMIREZ, | ) | |
| | ) | |
| Defendant. | ) | |

        This matter is before the court for initial review of a motion under 28 U.S.C.
§ 2255 to vacate, set aside or correct sentence by a person in federal custody ("§ 2255
motion") filed by the defendant, Pedro Rios Ramirez ("Ramirez") (filing 28).[1]  The
motion will be denied.

        Ramirez pled guilty to distribution of and possession with intent to distribute
methamphetamine and was sentenced on March 11, 2003.  He did not file a direct
appeal.  He filed a § 2255 motion on March 17, 2005.  Ramirez raises one claim in
his § 2255 motion.  He asserts that he was sentenced to a more severe sentence than
his offense carried under the United States Sentencing Guidelines, and that under

────────────────────

        [1]Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United
States District Courts provides that "[t]he motion, together with all the files, records,
transcripts, and correspondence relating to the judgment under attack, shall be
examined promptly by the judge to whom it is assigned.  If it plainly appears from the
face of the motion and any annexed exhibits and the prior proceedings in the case that
the movant is not entitled to relief in the district court, the judge shall make an order
for its summary dismissal and cause the movant to be notified.  Otherwise, the judge
shall order the United States Attorney to file an answer or other pleading within the
period of time fixed by the court or to take such other action as the judge deems
appropriate."

principles stated in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005) and <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), the judge exceeded his authority in sentencing him outside the Guidelines.  This case must be dismissed on initial review for two reasons:  (1) it is barred by the statute of limitations, and (2) even if I  were to reach the merits of the claim, the holdings in <u>Booker</u> and <u>Blakely</u> do not prevent a defendant from being sentenced outside the Guidelines.

*Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2255 to impose a one-year statute of limitations on § 2255 motions.  Section 2255 states in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1)     the date on which the judgment of conviction becomes final;
>
> (2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Absent a later triggering date under subsections (2)-(4) above, the one-year period for filing a § 2255 motion in federal court begins to run on the date the

challenged judgment becomes final, that is, upon conclusion of direct review or at the end of the time for seeking such review.  Since there was no appeal, the defendant's conviction became final ten business days after the pronouncement of judgment or on or about March 25, 2003.  See Fed. R. App. P. 4(b)(1), 26(a); Kapral v. United States, 166 F.3d 565, 577 (3rd Cir.1999) ("[I]f a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence becomes final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.")  One year later, the statute of limitations expired, that is, on or about March 25, 2004.  Ramirez filed his § 2255 motion in this court on March 17, 2005, nearly one year after expiration of the limitations period.

The later triggering date for rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review is inapplicable.  In United States v. Booker, 125 S. Ct. 738, 746 (2005), the Supreme Court held that the Sixth Amendment as construed in Blakely v. Washington, 124 S. Ct. 2531 (2004) applies to the federal sentencing guidelines, finding that mandatory application of the federal sentencing guidelines violated the Sixth Amendment because it deprived defendants of their right to insist that a jury decide all facts legally essential to their punishment.  Blakely held that state sentencing guidelines violated the Sixth Amendment  for the same reason.

The holdings in Booker and Blakely are applications of the rule expressed in Apprendi v. New Jersey, 530 U.S. 466 (2000).  Booker, 125 S. Ct. at 747 (the questions presented on certiorari were "whether our Apprendi line of cases applies to the [Federal] Sentencing Guidelines, and if so, what portions of the Guidelines remain in effect"); Blakely, 124 S. Ct. at 2536 ("This case requires us to apply the rule we expressed in Apprendi . . . .").  Apprendi held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable

3

doubt." <u>Apprendi</u>, 530 U.S. at 490.  For purposes of this motion, I consider <u>Booker</u> and <u>Blakely</u> to be "new rules."[2]

While new rules that "implicate the fundamental fairness of the trial" may be raised collaterally, <u>Teague</u>, 489 U.S. at 312, the Eighth Circuit has already held that <u>Apprendi</u> does not apply retroactively to cases on collateral review.  <u>United States v. Moss</u>, 252 F.3d 993, 997 (8th Cir. 2001) ("<u>Apprendi</u> is not of watershed magnitude and . . . <u>Teague</u> bars petitioners from raising <u>Apprendi</u> claims on collateral review.")  Since <u>Apprendi</u> does not apply on collateral review, rules that are extensions of <u>Apprendi</u> should also be inapplicable on collateral review.  In fact, the same day that <u>Blakely</u> was decided, the Supreme Court issued a decision holding that another rule which was an extension of <u>Apprendi</u> did not apply retroactively.   In <u>Schriro v. Summerlin</u>, 124 S. Ct. 2519 (2004), the Court held that the rule announced in <u>Ring v. Arizona</u>, 536 U.S. 584 (2002), did not apply retroactively on collateral review.  <u>Ring</u> held that because Arizona law authorized the imposition of the death penalty only if an aggravating factor was present, <u>Apprendi</u> required that the existence of an aggravating factor had to be proved to a jury rather than to a judge.  <u>Ring</u>, 536 U.S. at 603-09.  The Court in <u>Schriro</u> found that <u>Ring</u> announced a procedural rule that was not a "watershed rule" within the meaning of <u>Teague</u>.  <u>Schriro</u>, 124 S. Ct. at 2523-26.  The rule of <u>Ring</u> was more likely to be held a "watershed rule" than the rules of <u>Blakely</u> and <u>Booker</u>, since the rule of <u>Ring</u> involves the death penalty.

It follows, then, that the rules announced in <u>Booker</u> and <u>Blakely</u> are procedural and not substantive rules, and that neither represents a "watershed rule" within the meaning of <u>Teague</u>.  Thus, neither <u>Booker</u> nor <u>Blakely</u> applies retroactively on

---

[2]I need not resolve the question whether <u>Booker</u> did not announce a new rule, but merely applied the new rule announced in <u>Blakely</u>.  <u>Rucker v. United States</u>, No. 2:04-CV-00914PGC, 2005 WL 331336, at *6-7 (D. Utah Feb. 10, 2005) (Cassell, J.).  Even if I consider that <u>Booker</u> announced a newly recognized right, <u>Booker</u> is not retroactively applicable to cases on collateral review.

collateral review.  A sister district court in the Eighth Circuit has so held.  Tineo v. Le Blanc, No. Civ. 05-318 ADMSRN, 2005 WL 740520, at *2 (D. Minn. Mar. 31, 2005) (Apprendi, Blakely, and Booker are "not retroactively applicable to cases on collateral review.").  Though the Eighth Circuit has not yet ruled on this issue, the other circuit courts that have ruled are in accord.  See, e.g., United States v. Beatty, 103 Fed. App. 785 (4th Cir. 2004) (denying motion for enlargement of time to amend § 2255 motion to raise a Blakely claim, "because Blakely does not apply in the § 2255 context."); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005) (Booker); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005) (Booker); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) (Booker); In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004) (Blakely).

## The Merits

If Ramirez's § 2255 motion were timely, I would still deny it on the merits.  He asserts that he was sentenced to a higher sentence than that provided by the Guidelines in violation of Booker and Blakely.  The very short response to this claim is that Booker made the Guidelines advisory and not mandatory, so a claim that a defendant's sentence was higher than that suggested by the Guidelines does not violate Booker.  125 S. Ct. at 764.  Furthermore, even if Ramirez has stated a valid Booker claim (and he has not), that claim cannot be asserted on collateral review, for the reasons stated above.

Accordingly,

IT IS ORDERED that:

1.     The defendant's § 2255 motion (filing 28) is dismissed; and

2.      Judgment shall be entered by separate document.

May 2, 2005.                              BY THE COURT:

                                         s/ Richard G. Kopf
                                         United States District Judge